UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EDWIN OSORIO,

                Plaintiff,

    -against-                              **COMPLAINT**

CITY OF NEW YORK, JOSEPH PONTE,
and JOHN and JANE DOES 1-6,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Edwin Osorio, by his attorneys, the Lumer Law Group, as and for his Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned plaintiff Edwin Osorio was an adult male and a resident of the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York (the "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Department of Corrections ("DOC") and its employees and agents.

        3.     Defendant Joseph Ponte was the Commissioner of the DOC from about April 2014 through May 2017, and was responsible for the overall supervision and operation of the DOC, and the welfare of the inmates incarcerated and under the care of the DOC. Ponte is sued herein in his individual capacity.

4. At all times hereinafter mentioned, defendants John and Jane Does 1-6 are individuals employed by the City as members or employees of the DOC whose actual identities are presently not known to plaintiff. Each of the Doe defendants is sued herein in his or her individual capacity.

5. The Doe defendants were, at all relevant times herein assigned to plaintiff's file or otherwise responsible for the computation of plaintiff's release date as inmate records coordinators, or with a similar title, or were otherwise responsible for adjudicating plaintiff's grievances and complaints about the DOC's miscalculation of plaintiff's release date but failed to take reasonable remedial action.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, which is the district where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

10. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

*The Underlying Arrest and Split-Sentence*
*Of Imprisonment and Probation*

7. On or about April 23, 2004, plaintiff plead guilty to one count of Criminal Sale of a Controlled Substance in the Fifth Degree in Rensselaer County Court under Case Number 02-1064 in full satisfaction of all charges contained therein (the "original conviction").

8. On or about April 23, 2004, plaintiff was sentenced to a term of six (6) months imprisonment and five (5) years probation, pursuant to the guilty plea entered that day under Case Number 02-1064, i.e., the original conviction.

9. Plaintiff was jailed in Rensselaer County during the prosecution and subsequent to the original conviction.

10. Plaintiff was released from his term of custodial imprisonment for the original conviction in 2004 after approximately four months of incarceration.

11. Plaintiff's five-year term of probation ran concurrently with his term of imprisonment and he continued on probation following his release from custody.

12. Plaintiff's probation was to be conducted through and under the supervision of the City of New York's Department of Probation ("Probation").

13. Plaintiff complied with the terms of his probation for a period of about

four years.

14. Plaintiff, prior to the completion of his term of probation, ceased reporting to his probation officer.

*The 2016 Seizure for Violating Probation*

15. On or about June 22, 2016, while in Kings County, plaintiff was taken into custody based on his alleged violation of his probation.

16. On or about June 22, 2016, plaintiff was transported to Rikers Island, a municipal jail or prison complex owned, maintained, and otherwise operated by the City of New York's DOC.

17. Plaintiff remained in DOC custody at Rikers Island while Probation pursued charges against plaintiff based on his alleged violation of probation.

18. On or about July 19, 2016, plaintiff plead guilty to a violation of his probation, and was sentenced to a one-year term of imprisonment, which was to be served in the custody of the DOC.

19. As a matter of law, plaintiff's actual term of imprisonment should have been calculated initially at eight months, with that time adjusted downwardly to account for the approximately four months he had served in 2004 pursuant to the original conviction.

20. The City therefore should have scheduled plaintiff's date of release for in or about October 2016.

21. However, the defendants instead calculated plaintiff's release date to be on or about January 1, 2017.

*Plaintiff Put Defendants on Notice*

22. On or about July 22, 2016, plaintiff submitted a written request for an interview to the DOC, stating that the release date of January 2017 was incorrect because the DOC had failed to account for the months he had been incarcerated in Rensselaer County for the underlying offense, and that he should be released by October 2016.

23. The defendants did not adjust plaintiff's release date in response to this July 22, 2016, request, nor did they provide a valid explanation for their then-current calculation of or about January 1, 2017.

24. Upon information and belief, DOC had credited plaintiff for the time he had spent in custody following his seizure on June 22, 2016, and for about 50 days for time he had spent in Rensselaer County. This latter credit grossly understated the time plaintiff had spent in custody in Rensselaer County.

25. Plaintiff subsequently filed a grievance with the DOC on or about September 22, 2016, in which he again articulated that his time in custody for the sentence imposed for the violation of probation failed to fully credit him for the months he had spent in custody in Rensselaer County for the underlying offense.

26. The defendants did not adjust plaintiff's release date in response to this September 2016, grievance, nor did they provide a valid explanation for their then-current calculation of or about January 1, 2017.

27. On or about November 7, 2016, plaintiff again filed a grievance with the DOC in which he again articulated the defendants' errors in calculating his release date

and their failure to fully credit plaintiff for time already served in Rensselaer County.

28. The defendants did not adjust plaintiff's release date in response to this November 2016, grievance, nor did they provide a valid explanation for their then-current calculation of or about January 1, 2017.

29. On or about November 11, 2016, plaintiff appealed from the denial of his grievances, and once again set out the factual grounds for his complaint that the defendants were not fully crediting him for time he had already served, and that he should have been released in October 2016.

30. The defendants did not adjust plaintiff's release date in response to this November 2016 appeal, nor did they provide a valid explanation for their then-current calculation of or about January 1, 2017.

31. On or about November 11, 2016, plaintiff also submitted for filing an Article 78 proceeding in New York Supreme Court, Bronx County.

32. In addition to his written complaints, grievances, and appeal, plaintiff complained verbally to a wide battery of DOC employees that the DOC had miscalculated his release date.

*Plaintiff's December 2016 Release*

33. On or about December 6, 2016, the DOC summarily and without explanation released plaintiff from custody.

34. By the time of plaintiff's release, he had been jailed by the defendants without lawful order or justification for many weeks beyond the date by which he should

6

have been released as a matter of law.

35. Plaintiff was conscious of his continuous confinement by defendants from the date of his imprisonment in June through his release in December 2016, and never consented to this confinement

36. At no time was there any lawful basis for plaintiff's imprisonment beyond the date by which he should have been released in or about October 2016, nor was there any reasonable basis for defendants to calculate plaintiff's release date for January 1, 2017, or to otherwise believe that plaintiff's continued imprisonment until December 6, 2016, was lawful or otherwise privileged.

37. At all times herein the individual defendants were acting within the scope of their employment by the City of New York.

**FIRST CAUSE OF ACTION**

(Section 1983 Claim Against Individual Defendants for False Imprisonment)

38. Plaintiff repeats the allegations contained in the preceding paragraphs as though stated fully herein.

39. Defendants imprisoned plaintiff or caused plaintiff to be imprisoned without lawful order or any legal justification, and without a reasonable basis to believe such cause existed.

40. By so doing, the individual defendants, individually and collectively, deprived plaintiff to his right to liberty and to be free from unlawful arrest and

imprisonment, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer a deprivation of liberty, emotional injuries and mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(Section 1983 Claim Against Individual Defendants for Deprivation of Due Process)

42. Plaintiff repeats the allegations contained in the preceding paragraphs as though stated fully herein.

43. Defendants miscalculated plaintiff's release date to a date that would require plaintiff to remain imprisoned for approximately two months longer than what was legally permissible.

44. Plaintiff repeatedly sought to avail himself of the procedures made available by the defendants to challenge the defendants' calculation of his release date.

45. The defendants ignored or otherwise failed to respond substantively to plaintiff's repeated invocation of the process purportedly available to challenge sentencing calculations.

46. The grievance processes in place at the DOC generally, and Rikers Island in particular, were so deficient in substance as to constitute a denial of procedural due process.

47. To the extent that the grievance procedures were facially sufficient in theory so as to constitute an appropriate avenue of process for individuals to challenge DOC sentencing calculations, the defendants' abject lack of concern for the merits of plaintiff's complaints and grievances concerning the calculation of his release rendered the existence of these avenues of redress meaningless.

48. Accordingly, the process afforded plaintiff was so defective as to deprive plaintiff of procedural due process. However, to the extent that, theoretically, the DOC's grievance process would provide inmates with constitutionally adequate process where there was a question about the accuracy of one's release date, the defendants' failure to undertake any meaningful review of plaintiff's repeated written complaints deprived plaintiff of his right to substantive due process.

49. By so doing, the individual defendants, individually and collectively, deprived plaintiff to his right to due process, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

50. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer a deprivation of liberty, emotional injuries and mental anguish, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

(Section 1983 Claim Against Individual Defendants for Failing to Intervene)

51. Plaintiff repeats the allegations contained in the preceding paragraphs as though stated fully herein.

52. To the extent that any of the individual defendants named herein did not affirmatively engage in the conduct alleged by plaintiff, each such defendant had notice and knowledge that plaintiff's release date had been miscalculated so that he would be imprisoned beyond the period of time permitted by law, yet none of the individual defendants took any reasonable steps to intervene so as to prevent or otherwise remedy this miscalculation, despite their understanding of the actual harms that had or would befall plaintiff.

53. Each of the defendants had ample opportunity to remedy the initial miscalculation of plaintiff's release date but chose not to do so.

54. As a result, to the extent that any individual defendant did not affirmatively or actively participate in the misconduct or failures at issue, that individual defendant remains liable to plaintiff for said misconduct or failures at issue by reason of their failure to intervene.

55. By so doing, the individual defendants, individually and collectively, deprived plaintiff to his right to be free from false arrest and imprisonment and due process, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

56. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer a deprivation of liberty, emotional injuries and mental anguish, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

(State Law Claim Against All Defendants for False Imprisonment)

57. Plaintiff repeats the allegations contained in the preceding paragraphs as though stated fully herein.

58. Plaintiff was imprisoned and otherwise incarcerated by the City of New York in a jail owned, operated, and maintained by the municipal defendant, and staffed by DOC employees without lawful order or legal justification.

59. The City of New York and its employees were on notice that plaintiff was at risk of or was actually being incarcerated without lawful order or legal justification but deliberately, wantonly, recklessly, and/or maliciously failed to take any remedial action to prevent or limit this unlawful imprisonment.

60. Plaintiff was at all times conscious of his imprisonment and did not consent to it at any time.

61. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

62. Therefore, the individual defendants are liable to plaintiff under state law, for his false arrest and imprisonment, and the municipal defendant is liable to plaintiff for this conduct under the principle of respondeat superior.

63. By reason thereof, defendants have caused plaintiff to suffer the deprivation of liberty, and emotional injuries and mental anguish.

### FIFTH CAUSE OF ACTION

(State Law Claim Against Defendant City of New York for Negligence)

64. Plaintiff repeats the allegations contained in the preceding paragraphs as though stated fully herein.

65. The municipal defendant was responsible for calculating the period of time within which plaintiff could be lawfully imprisoned by the City's DOC.

66. The municipal defendant was responsible for calculating the date by which plaintiff must be released from custody.

67. The municipal defendant had a duty to plaintiff to ensure that this date was calculated correctly and in accordance with applicable statutory law so as to ensure that plaintiff was not imprisoned beyond that period of time permitted by law.

68. The municipal defendant breached its duty to plaintiff to ensure that he was not imprisoned beyond the period of time permitted by law.

69. The municipal defendant was on notice that it had miscalculated plaintiff's release date, and that if this release date was not recalculated accurately, plaintiff

would be detained beyond the period of time permitted by law.

   70. Notwithstanding the repeated notice provided by plaintiff, the municipal defendant failed to recalculate or adjust plaintiff's release date, and though this grossly negligent handling of its duties with respect to setting plaintiff's release date, caused plaintiff to imprisoned for a matter of many weeks beyond the period of time permitted by law.

   71. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the grossly negligent acts of the DOC that resulted in plaintiff's wrongful imprisonment.

   72. By reason thereof, the City of New York has caused plaintiff to suffer the deprivation of liberty, and emotional injuries and mental anguish.

## DEMAND FOR A JURY TRIAL

   Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii. actual damages against the municipal defendant in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to 42 U.S.C. §1988, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
January 20, 2018

LUMER LAW GROUP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: *[signature]*

Michael B. Lumer (ML-1947)